# MEXICO-UNITED STATES EXTRADITION TREATY

TIAS 9656
31 U.S.T. 5059; 1978 U.S.T. LEXIS 330
May 4, 1978, Date-Signed
January 25, 1980, Date-In-Force

**STATUS:**

Treaty signed at Mexico City May 4, 1978;
Ratification advised by the Senate of the United States of America November 30, 1979;
Ratified by the President of the United States of America December 13, 1979;
Ratified by Mexico January 31, 1979;
Ratifications exchanged at Washington January 25, 1980;
Proclaimed by the President of the United States of America February 6, 1980;
Entered into force January 25, 1980.

**TEXT:**

BY THE PRESIDENT OF THE UNITED STATES OF AMERICA

A PROCLAMATION

CONSIDERING THAT:

The Extradition Treaty between the United States of America and the United Mexican States was signed at Mexico City on May 4, 1978, the text of which, in the English and Spanish languages, is hereto annexed;

The Senate of the United States of America by its resolution of November 30, 1979, two-thirds of the Senators present concurring therein, gave its advice and consent to ratification of the Treaty;

The Treaty was ratified by the President of the United States of America on December 13, 1979, in pursuance of the advice and consent of the Senate, and was duly ratified on the part of the United Mexican States;

It is provided in Article 23 of the Treaty that the Treaty shall enter into force on the date of exchange of the instruments of ratification;

The instruments of ratification of the Treaty were exchanged at Washington on January 25, 1980; and accordingly the Treaty entered into force on that date;

NOW, THEREFORE, I, Jimmy Carter, President of the United States of America, proclaim and make public the Treaty, to the end that it be observed and fulfilled with good faith on and after January 25, 1980, by the United States of America and by the citizens of the United States of America and all other persons subject to the jurisdiction thereof.

IN TESTIMONY WHEREOF, I have signed this proclamation and caused the Seal of the United States of America to be affixed.

DONE at the city of Washington this sixth day of February in the year of our Lord one thousand nine hundred eighty and of the Independence of the United States of America the two hundred fourth.

EXTRADITION TREATY BETWEEN THE UNITED STATES OF AMERICA AND THE UNITED MEXICAN STATES

The Government of the United States of America and the Government of the United Mexican States;

Desiring to cooperate more closely in the fight against crime and, to this end, to mutually render better assistance in matters of extradition;

Have agreed as follows:

If any question arises as to the application of the foregoing paragraph, the Executive authority of the requested Party shall decide.

2. - For the purpose of this Treaty, the following offenses shall not be considered to be offenses included in paragraph 1:

a) The murder or other wilful crime against the life or physical integrity of a Head of State or Head of Government or of his family, including attempts to commit such an offense.

b) An offense which the Contracting Parties may have the obligation to prosecute by reason of a multilateral international agreement.

3. - Extradition shall not be granted when the offense for which extradition is requested is a purely military offense.

**ARTICLE 6**

Non bis in idem

Extradition shall not be granted when the person sought has been prosecuted or has been tried and convicted or acquitted by the requested Party for the offense for which extradition is requested.

**ARTICLE 7**

Lapse of Time

Extradition shall not be granted when the prosecution or the enforcement of the penalty for the offense for which extradition has been sought has become barred by lapse of time according to the laws of the requesting or requested Party.

**ARTICLE 8**

Capital Punishment

When the offense for which extradition is requested is punishable by death under the laws of the requesting Party and the laws of the requested Party do not permit such punishment for that offense, extradition may be refused unless the requesting Party furnishes such assurances as the requested Party considers sufficient that the death penalty shall not be imposed, or, if imposed, shall not be executed.

**ARTICLE 9**

Extradition of Nationals

1. - Neither Contracting Party shall be bound to deliver up its own nationals, but the executive authority of the requested Party shall, if not prevented by the laws of that Party, have the power to deliver them up if, in its discretion, it be deemed proper to do so.

2. - If extradition is not granted pursuant to paragraph 1 of this Article, the requested Party shall submit the case to its competent authorities for the purpose of prosecution, provided that Party has jurisdiction over the offense.

**ARTICLE 10**

Extradition Procedures and Required Documents

1. - The request for extradition shall be made through the diplomatic channel.

2. - The request for extradition shall contain the description of the offense for which extradition is requested and shall be accompanied by:

a) A statement of the facts of the case;

b) The text of the legal provisions describing the essential elements of the offense;

c) The text of the legal provisions describing the punishment for the offense;

d) The text of the legal provisions relating to the time limit on the prosecution or the execution of the punishment of the offense;

1. - The request for extradition shall be processed in accordance with the legislation of the requested Party.

2. - The requested Party shall make all arrangements necessary for internal procedures arising out of the request for extradition.

3.- The competent legal authorities of the requested Party shall be authorized to employ all legal means within their power to obtain from the judicial authorities the decisions necessary for the resolution of the request for extradition.

**ARTICLE 14**

Decision and Surrender

1. - The requested Party shall promptly communicate to the requesting Party its decision on the request for extradition.

2. - In the case of complete or partial rejection of a request for extradition, the requested Party shall give the reasons on which it was based.

3. - If the extradition is granted, the surrender of the person sought shall take place within such time as may be prescribed by the laws of the requested Party. The competent authorities of the Contracting Parties shall agree on the date and place of the surrender of the person sought.

4. - If the competent authority has issued the warrant or order for the extradition of the person sought and he is not removed from the territory of the requested Party within the prescribed period, he shall be set at liberty and the requested Party may subsequently refuse to extradite him for the same offense.

**ARTICLE 15**

Delayed Surrender

The requested Party, after granting the extradition, may defer the surrender of the person sought when that person is being proceeded against or is serving a sentence in the territory of the requested Party for a different offense, until the conclusion of the proceeding or the full execution of the punishment that has been imposed.

**ARTICLE 16**

Requests for extradition made by Third States

The requested Party, in the case of receiving requests from the other Contracting Party and from one or more third States for the extradition of the same person, be it for the same offense or for different offenses, shall decide to which requesting State it shall grant the extradition of that person.

**ARTICLE 17**

Rule of Specialty

1. - A person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting Party for an offense other than that for which extradition has been granted nor be extradited by that Party to a third State unless:

a) He has left the territory of the requesting Party after his extradition and has voluntarily returned to it;

b) He has not left the territory of the requesting Party within 60 days after being free to do so; or

c) The requested Party has given its consent to his detention, trial, punishment or extradition to a third State for an offense other than that for which the extradition was granted.

These stipulations shall not apply to offenses committed after the extradition.

2. - If, in the course of the procedure, the classification of the offense is changed for which the person requested was extradited, he shall be tried and sentenced on the condition that the offense, in its new legal form:

a) Is based on the same group of facts established in the request for extradition and in the documents presented in its support; and

3. - On entry into force of this Treaty, the Treaty of Extradition of 22 February 1899 and the Additional Conventions on Extradition of 25 June 1902, 23 December 1925 and 16 August 1939 between the United States of America and the United Mexican States, shall cease to have effect without prejudice to the provisions of Article 22.

4. - Either Contracting Party may terminate this Treaty by giving notice to the other Party. The termination shall take effect six months after the receipt of such notice.

Done in two originals, in the English and Spanish languages, both equally authentic, at Mexico City this fourth day of May, one thousand nine hundred seventy-eight.

**SIGNATORIES:**
JIMMY CARTER
By the President:
CYRUS VANCE
*Secretary of State*

# TRATADO DE EXTRADICION ENTRE LOS ESTADOS UNIDOS DE AMERICA Y LOS ESTADOS UNIDOS MEXICANOS

El Gobierno de los Estados Unidos de America y el Gobierno de los Estados Unidos Mexicanos,

Deseosos de cooperar mas estrechamente en la lucha contra la delincuencia y de prestarse mutuamente, con ese fin, una mayor asistencia en materia de extradicion,

Han acordado lo siguiente:

## ARTICULO 1

Obligacion de extraditar

1. - Las Partes Contratantes se comprometen a entregarse mutuamente, con sujecion a las disposiciones de este Tratado, a las personas respecto de las cuales las autoridades competentes de la Parte requirente hayan iniciado un procedimiento penal o que hayan sido declaradas responsables de un delito o que sean reclamadas por dichas autoridades para el cumplimiento de una pena de privacion de libertad impuesta judicialmente, por un delito cometido dentro del territorio de la Parte requirente.

2. - Cuando el delito se haya cometido fuera del territorio de la Parte requirente, la Parte requerida concedera la extradicion si:

a) sus leyes disponen el castigo de dicho delito cometido en circunstancias similares, o

b) la persona reclamada es nacional de la Parte requirente, y esta tiene jurisdiccion de acuerdo con sus leyes para juzgar a dicha persona.

## ARTICULO 2

Delitos que daran lugar a la extradicion

1. Daran lugar a la extradicion conforme a este Tratado las conductas intencionales que, encajando dentro de cualquiera de los incisos del Apendice, sean punibles conforme a las leyes de ambas Partes Contratantes con una pena de privacion de la libertad cuyo maximo no sea menor de un ano.

2. Si la extradicion se solicita para la ejecucion de una sentencia, se requerira ademas que la parte de la sentencia que aun falte por cumplir no sea menor de seis meses.

3. Daran tambien lugar a la extradicion las conductas intencionales que, sin estar incluidas en el Apendice, sean puni - bles, conforme a las leyes federales de ambas Partes Contratantes, con una pena de privacion de la libertad cuyo maximo no sea menor de un ano.

4. Bajo las condiciones establecidas en los parrafos 1, 2 y 3, la extradicion tambien sera concedida:

a) por la tentativa de cometer un delito; la asociacion para prepararlo y ejecutarlo; o la participacion en su ejecucion; o

b) cuando para los efectos de atribuir jurisdiccion al Gobierno de los Estados Unidos, el transporte de per - sonas o de bienes, el uso de correos u otros medios de realizar actos de comercio interestatal [*19] o con el extranjero sea un elemento del delito.

## ARTICULO 3

Pruebas necesarias

Solo se concedera la extradicion si se determina que las pruebas son suficientes, conforme a las leyes de la Parte requerida, bien para justificar el enjuiciamiento del reclamado si el delito del cual se le acusa hubiese sido cometido en ese lugar, bien para probar que es la persona condenada por los tribunales de la Parte requirente.

## ARTICULO 4

Ambito territorial de aplicacion

1. A los efectos de este Tratado, el territorio de una de las Partes Contratantes comprende todo el territorio sometido a su jurisdiccion, incluyendo el espacio aereo y las aguas territoriales, asi como los buques y aviones

a) una relacion de los hechos imputados;
b) el texto de las disposiciones legales que fijen los ele - mentos constitutivos del delito;

c) el texto de las disposiciones legales que determinen la pena correspondiente al delito;
d) el texto de las disposiciones legales relativas a la prescripcion de la accion penal o de la pena;
e) los datos y antecedentes personales del reclamado que permitan su identificacion y, siempre que sea posible, los conducentes a su localizacion.

3. Cuando la solicitud de extradicion se refiera a una persona que aun no haya sido sentenciada se le anexaran ademas:

a) una copia certificada de la orden de aprehension librada por un juez u otro funcionario judicial de la Parte requirente;
b) las pruebas que conforme a las leyes de la Parte re - querida justificarian la aprehension y enjuiciamiento del reclamado en caso de que el delito se hubiere cometido alli.

4. Cuando la solicitud de extradicion se refiere a una persona sentenciada, se le anexara una copia certificada de la sentencia condenatoria decretada por un tribunal de la Parte requirente.

Si la persona fue declarada culpable pero no se fijo la pena, a la solicitud de extradicion se agregara una certificacion al respecto y una copia certificada de la orden de aprehension.

Si a dicha persona ya se le impuso una pena, la solicitud de extradicion debera estar acompanada de una certificacion de la pena impuesta y de una constancia que indique la parte de la pena que aun no haya sido cumplida.

5. Todos los documentos que deban ser presentados por la Parte requirente conforme a las disposiciones de este Tratado deberan estar acompanados de una traduccion al idioma de la Parte requerida.

6. Los documentos que, de acuerdo con este articulo, deban acompafiar la solicitud de extradicion, seran recibidos como prueba cuando:

a) en el caso de una solicitud que se origine en los Estados Unidos, esten autorizados con el sello oficial del Departamento de Estado y legalizados ademas en la forma que prescriba la ley mexicana;
b) en el caso de una solicitud que se origine en los Estados Unidos Mexicanos esten legalizados por el principal funcionario diplomatico o consular de los Estados Unidos en Mexico.

## ARTICULO 11

Detencion provisional

1. En caso de urgencia, cualquiera de las Partes Contra - tantes podra pedir, por la via diplomatica, la detencion provisional de una persona acusada o sentenciada. El pedimento debera contener la expresion del delito por el cual se pide la extradicion, la descripcion del reclamado y su paradero, la promesa de formali - zar la solicitud de extradicion y una declaracion de la existencia de una orden de aprehension librada por autoridad judicial compe - tente o de una sentencia condenatoria en contra del reclamado.

2. Al recibo de un pedimento de esa naturaleza, la Parte requerida tomara las medidas necesarias para obtener la aprehension del reclamado.

3. Se pondra fin a la detencion provisional si, dentro de un plazo de sesenta dias despues de la aprehension del reclamado, el Poder Ejecutivo de la Parte requerida no ha recibido la solicitud formal de extradicion con los documentos mencionados en el articulo 10.

4. El hecho de que se ponga fin a la detencion provisional en aplicacion del parrafo 3 no impedira la extradicion del re - clamado si la solicitud de extradicion y los documentos necesarios para fundarla enumerados en el articulo 10 son entregados posteriormente.

## ARTICULO 12

Pruebas adicionales

Si el Poder Ejecutivo de la Parte requerida estima que las pruebas presentadas en apoyo de la solicitud de extradicion no son suficientes para satisfacer los requisitos de este Tratado, dicha Parte solicitara la presentacion de las pruebas adicionales que sean necesarias.

a) este fundado en el mismo conjunto de hechos establecidos en la solicitud de extradicion y en los documentos presentados en su apoyo; y
b) sea punible con la misma pena maxima que el delito por el cual fue extraditado o con una pena cuyo maximo sea menor.

## ARTICULO 18

Extradicion sumaria

Si el reclamado manifiesta a las autoridades competentes de la Parte requerida que consiente en ser extraditado, dicha Parte podra conceder su extradicion sin mayores tramites y tomara todas las medidas permitidas por sus leyes para expeditar la extradicion. No sera aplicable a estos casos el articulo 17.

## ARTICULO 19

Entrega de objetos

1. En la medida en que lo permitan las leyes de la Parte requerida y sin perjuicio de los derechos de terceros, los cuales seran debidamente respetados, todos los artfculos, instrumentos, objetos de valor o documentos relacionados con el delito, aun cuando no hayan sido utilizados para su ejecucion, o que de cualquier manera puedan servir de prueba en el proceso, seran entregados al concederse la extradicion aun cuando la extradicion no pueda consumarse por la muerte, desaparicion o fuga del acusado.

2. La Parte requerida podra condicionar la entrega de objetos a que la Parte requirente de seguridades satisfactorias de que tales objetos sean devueltos a la Parte requerida a la brevedad posible.

## ARTICULO 20

Transito

1. El transito por el territorio de una de las Partes Contra - tantes de una persona que no sea nacional de esa Parte Contratante, entregada a la otra Parte Contratante por un tercer Estado, sera permitido mediante la presentacion por la via diplomatica de una copia certificada de la resolucion en la que se concedio la extradicion, siempre que no se opongan razones de orden publico.

2. Correspondera a las autoridades del Estado de transito la custodia del extraditado mientras permanezca en su territorio.

3. La Parte requirente reembolsara al Estado de transito cualquier gasto en que este incurra con tal motivo.

## ARTICULO 21

Gastos

La Parte requerida se hara cargo de todos los gastos que ocasionen los procedimientos internos mencionados en el articulo 13, con excepcion de los gastos inherentes a la traduccion de documentos y, en su caso, al transporte del reclamado, los cuales seran expensados por la Parte requirente.

## ARTICULO 22

Ambito temporal de aplicacion

1. Este Tratado se aplicara a los delitos especificados en el articulo 2 que hayan sido cometidos ya sea antes o despues de su entrada en vigor.

2. Las solicitudes de extradicion que se encuentren en tramite en la fecha en que entre en vigor este Tratado seran resueltas conforme a las disposiciones del Tratado de 22 de febrero de 1899 y de las Convenciones Adicionales sobre Extradicion de 25 de junio de 1902, 23 de diciembre de 1925 y 16 de agosto de 1929.

## ARTICULO 23

Ratificacion, entrada en vigor, denuncia

1. Este Tratado esta sujeto a ratificacion; el canje de los instrumentos de ratificacion se hara en la ciudad de Washington a la brevedad posible.

2. Este Tratado entrara en vigor en la fecha del canje de los instrumentos de ratificacion.

TREATIES AND OTHER INTERNATIONAL ACTS SERIES 12897

# EXTRADITION

**Protocol Between the**

**UNITED STATES OF AMERICA**

**and MEXICO**

Signed at Washington November 13, 1997

DEPARTMENT OF STATE ★ UNITED STATES OF AMERICA ★

# MEXICO

## Extradition

*Protocol signed at Washington November 13, 1997;*
*Transmitted by the President of the United States of America to the Senate May 21, 1998 (Treaty Doc. 105-46, 105th Congress, 2d Session);*
*Reported favorably by the Senate Committee on Foreign Relations October 2, 1998 (Senate Executive Report No. 105-23, 105th Congress, 2d Session);*
*Advice and consent to ratification by the Senate October 21, 1998;*
*Ratified by the President January 20, 1999;*
*Ratified by Mexico April 27, 2001;*
*Ratifications exchanged at Mexico May 21, 2001;*
*Entered into force May 21, 2001.*

ARTICLE 1

1. The title of Article 15 of the Treaty is hereby amended to read "Delayed and Temporary Surrender" and the existing text of such Article shall be numbered as Paragraph 1.

2. The following text shall be added as Paragraphs 2 and 3 of Article 15:

(2) The Requested Party, after granting an extradition request made in accordance with this Treaty, may temporarily surrender a person who has been convicted and sentenced in the Requested Party, in order that the person sought may be prosecuted in the Requesting Party before or during service of sentence in the Requested Party. The person so surrendered shall be kept in custody in the Requesting Party, and shall be returned to the Requested Party after conclusion of the proceedings, in accordance with conditions to be determined by agreement of the Parties for that purpose.

(3) In cases in which the person temporarily surrendered is found not guilty in the Requesting Party, the period of time spent in custody in the Requesting Party shall be credited to the sentence in the Requested Party.

ARTICLE 2

1. This Protocol shall form an integral part of the Treaty, and its interpretation shall be governed by the principles contained in the Treaty.

2. The requirements of the Treaty between the United States of America and the United Mexican States on the Execution of Penal Sentences, signed at Mexico City on November 25, 1976, shall not apply to a temporary surrender under this Protocol.

# PROTOCOLO AL TRATADO DE EXTRADICION ENTRE LOS ESTADOS UNIDOS DE AMERICA Y LOS ESTADOS UNIDOS MEXICANOS DEL 4 DE MAYO DE 1978

Los Estados Unidos de América y los Estados Unidos Mexicanos (en adelante "las Partes");

***RECONOCIENDO*** su estrecha relación bilateral, reflejada en numerosos instrumentos y mecanismos de cooperación legal;

***COMPROMETIDOS*** con el fortalecimiento de la cooperación legal en la lucha contra la delincuencia; y

2. Los requisitos del Tratado entre los Estados Unidos de América y los Estados Unidos Mexicanos sobre Ejecución de Sentencias Penales, firmado en la Ciudad de México, el 25 de noviembre de 1976, no se aplicarán a una entrega temporal que se efectúe en cumplimiento de este Protocolo.

3. El presente Protocolo estará sujeto a ratificación y entrará en vigor a partir de la fecha del canje de los instrumentos de ratificación. Su vigencia concluirá al término del Tratado.

Hecho en la ciudad de Washington, D. C., el trece de noviembre de mil novecientos noventa y siete, en dos ejemplares originales en idiomas inglés y español, siendo ambos textos igualmente auténticos.

***POR LOS ESTADOS UNIDOS DE AMERICA***

***Janet Reno***
***Procuradora General***

***POR LOS ESTADOS UNIDOS MEXICANOS***

***Jorge Madrazo Cuéllar***
***Procurador General de la República***